**UNITED STATES of America,
Appellee,**

v.

**Martin COHEN, Defendant–Appellant.**

No. 05–1418–CR.

United States Court of Appeals,
Second Circuit.

March 6, 2006.

Marshall A. Mintz and Laura A. Oppenheim, New York, NY, for Appellant.

Monica E. Ryan and Susan Corkery, Assistant United States Attorneys, New York, NY, for Appellee.

Present: RALPH K. WINTER, ROSEMARY S. POOLER, and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 6th day of March, two thousand and six.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Defendant–Appellant Martin Cohen ("Appellant") appeals from a Judgment, including sentence, entered on March 15, 2005, by the United States District Court for the Eastern District of New York (Weinstein, *J*). Appellant was convicted after a jury trial on the single-count Indictment ("Indictment") of attempted extortion in violation of 18 U.S.C. Section 1951. Appellant was then sentenced to 24 months in prison, to be followed by three years of supervised release, and a $100 special assessment. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

█ Appellant's trial counsel tepidly argued against the inclusion of the August 12 recording ("the Recording"), but clearly did not object. His mild protestation was neither an objection nor an error that was "brought to the court's attention." *See* Fed.R.Crim.P. 52(b). Therefore, the decision to play the Recording for the jury should be examined for plain error. *Id.*

The framework for analyzing plain error, pursuant to Rule 52(b), is the four-part test of *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993): before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See also United States v. Rybicki*, 354 F.3d 124, 129 (2d Cir.2003) (*in banc*), cert. denied, 543 U.S. 809, 125 S.Ct. 32, 160 L.Ed.2d 10 (2004). An error "affects a defendant's 'substantial rights' if it is 'prejudicial' and it 'affected the outcome of the district court proceedings.'" *United States v. Thomas*, 274 F.3d 655, 668 (2d Cir.2001) (*in banc*) (citing *United States v. Gore*, 154 F.3d 34, 47 (2d Cir.1998)).

Appellant makes two arguments on prejudice: (a) the inclusion of the three-minute Recording provided crucial information, which was not subject to cross-examination, that shaped the jury's decision, and (b) Appellant, by agreeing not to argue any entrapment related to the Recording, did not put forth arguments, which would have affected the outcome.

█ Even under the standard of prejudice most favorable to Appellant, in which the burden is on the Government to overcome the presumption of prejudice and prove that the evidence was harmless beyond a reasonable doubt, we find that the Recording did not prejudice Appellant.

Therefore, we need not examine the first two parts of the plain error test.

The only thing that the jury learned from the three-minute Recording was that Appellant provided Irving Bauer's personal information to Steven Odzer ("Odzer"). This information alone, although significant, was overshadowed by the overwhelming evidence, which was subsequently introduced to demonstrate Appellant's guilt.

Even if this evidence were deemed to have had an impact on the outcome, the facts and information provided by the Recording were readily available from other sources in the record and before the jury, including Odzer's handwritten notes taken during the meeting, testimony of FBI Special Agent Ted Lea, facts elicited on direct and cross-examination of Odzer, and Appellant's own testimony on cross-examination. Appellant did not object to the inclusion of any of this evidence, which provided the same facts that were contained in the Recording.

■ Appellant argues that he was prejudiced when he offered not to argue that the Recording contained any exculpatory evidence. However, before the parties agreed not to play the Recording, it was clear that Appellant did not intend to argue that the August 12 conversation had anything to do with his entrapment defense. Most revealing is Appellant's opening statement, made before any discussion had taken place about whether to include the Recording, which did not mention the meeting among the list of major events that would figure into his entrapment defense. There is no evidence that the Recording could have aided the entrapment defense.

We have considered Appellant's remaining claims and find them to be without

merit. Based on the foregoing, the judgment of the district court is AFFIRMED.